# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Tim Blackwell,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Commercial Refrigeration Specialists, Inc.; Climate Pros LLC; Does 1 through 50,<br><br>　　　　　　Defendants. | No. 2:20-cv-01968-KJM-CKD<br>No. 2:20-cv-02281-KJM-CKD<br><br><br>ORDER |

　　　　In the two related cases captioned above, plaintiff Tim Blackwell pursues claims against defendants Commercial Refrigeration Specialists, Inc. (CRS), Climate Pros LLC (Climate Pros), and unnamed doe defendants.[1] In both actions, he alleges defendants violated provisions of the California Labor Code when they did not provide meal period and rest break wages, overtime and minimum wages, accurate wage statements, all wages owed, or necessary reimbursement wages to him and others like him. In the first filed action, plaintiff brings a class action. In the second, plaintiff brings a representative action under the Private Attorney Generals Act of 2004 (PAGA).

---

[1] In plaintiff's original class action complaint, he named CRS as the primary defendant. *See* CAFA Compl. at 1. However, within the month, plaintiff filed an amendment to the complaint in which he added Climate Pros LLC as a defendant. CAFA Mot. to Dismiss at 4, ECF No. 4. According to defendant, Climate Pros purchased CRS in February 2017. Not. of Removal ¶ 2, ECF No. 1. The court assumes without deciding that this representation, made subject to Federal Rule of Civil Procedure 11, is correct.

*See* Cal. Lab. Code § 2698. Climate Pros moves to consolidate both actions. Plaintiff opposes. On June 17, 2021 the court held a status conference. *See* CAFA Action Minute Order (March 17, 2021), ECF No. 29. During the status conference, the parties briefly discussed the motion to consolidate. Kenneth Yoon and Stephanie Yasuda appeared for plaintiff. CAFA Action Scheduling Conference Minutes (June 23, 2021), ECF No. 31. Judson Stelter appeared for defendant as lead counsel.[2] *Id.* The court **grants** the motion to consolidate and grants leave to file an amended complaint in the consolidated action within 14 days, for the reasons explained below.

I.  **BACKGROUND**

    A.    **Factual Allegations**

Blackwell is a California resident. CAFA Action Compl. ¶ 9, Not. of Removal Ex. A, ECF No. 1-1, Case No. 2:20-cv-01968-KJM-CKD; PAGA Action Compl. ¶ 9, Not. of Removal Ex. A, ECF No. 1-1, Case No. 2:20-cv-02281-KJM-CKD. Neither complaint specifies plaintiff's precise job title, his job duties or his dates of employment. *See* CAFA Action Compl. ¶¶ 9–11; PAGA Action Compl. ¶¶ 9–11.

According to the declaration of Climate Pros Vice President of Human Resources, Tatiana Narvaez, Blackwell worked as a "Journeyman" for Climate Pros from August 6, 2018 to December 10, 2019. CAFA Action, Tatiana Narvaez Decl. ¶ 12 (Narvaez Decl.), Mot. to Dismiss (MTD) Ex. 1, ECF No. 6-1; *see also* PAGA Action, Narvaez Decl. ¶ 12, Remand Opp'n Ex. A, ECF No. 12-1.[3] Blackwell earned $49.87 per hour. CAFA Action Narvaez Decl. ¶ 13. According to Climate Pros, plaintiff was subject to a collective bargaining agreement (CBA). *Id.* ¶¶ 6–12; CAFA Action MTD at 7, ECF No. 6; PAGA Action Not. of Removal ¶ 19, ECF No. 1.

/////

/////

---

    [2] The court has confirmed Mr. Stelter's approved pro hac vice status in one of the two related cases and considers that sufficient, without the need for Mr. Stelter to file a separate application in the other case.

    [3] The Narvaez declaration filed in the CAFA action is identical to the one filed in the opposition to the motion to remand in the PAGA action. The court thus cites to only one.

Defendant attached the CBA to their motion to dismiss and as an exhibit to their opposition in the PAGA matter. *See* Master Labor Agreement (CBA), CAFA Action MTD Ex. A, ECF No. 6-1; CBA, PAGA Action Opp'n Ex. A, ECF No. 12-1.

### B. Procedural History

On July 28, 2020, plaintiff filed the putative wage and hour class action against Climate Pros in state court. CAFA Action Compl. at 1; *see also Tim Blackwell v. Commercial Refrigeration Specialists, Inc., et al.,* Case No. 34-2020-00282409 (Sacramento County Superior Court). This complaint seeks class certification on behalf of "non-exempt" California employees employed from April 6, 2016 to the present. CAFA Action Compl. ¶ 13. The class action complaint alleges defendants illegally withheld (1) meal periods and rest breaks, (2) all minimum and overtime wages owed, (3) accurate wage statements and (4) all wages due upon termination of employment. *Id.* ¶ 3. Plaintiff asserts numerous violations of the California Labor Code, including of sections 510 and 512. *See id.* ¶ 1. Plaintiff does not reference a CBA in the complaint.

On September 24, 2020, plaintiff filed the representative PAGA wage and hour representative action, also in state court. PAGA Action Not. of Removal ¶ 1, ECF No. 1; *see also Tim Blackwell v. Climate Refrigeration Specialists, Inc., et al.*, Case No. 34-2020-00285675 (Sacramento County Superior Court). In that complaint, Blackwell asserts one claim for "violation of PAGA" with five subheadings. PAGA Action Compl. ¶¶ 15–30. He alleges nearly identical illegal behavior as in the class action complaint but adds an additional claim for failure to reimburse all necessary work related expenses. *See id.* ¶¶ 3, 29–30. Plaintiff also asserts numerous violations of the California Labor Code, including of sections 510 and 512, *id.* ¶ 1, and omits reference to a CBA.

Defendant Climate Pros removed the class action suit to this court on October 1, 2020 based on CAFA, federal question, and supplemental jurisdiction. *See generally* CAFA Action Not. of Removal, ECF No. 1. Climate Pros removed the PAGA case on November 16, 2020, on the basis that plaintiff's meal period and overtime wage claims were preempted by Section 301 of

/////

| | |
|---|---|
| 1 | the LMRA and the court could exercise supplemental jurisdiction over plaintiffs' remaining state |
| 2 | law claims. PAGA Not. of Removal ¶¶ 14, 19–28. |
| 3 | On November 18, 2020, Climate Pros moved to consolidate the two actions. CAFA |
| 4 | Action Mot. to Consolidate (MTC), ECF No. 17. On November 19, 2020, Climate Pros filed a |
| 5 | notice of related cases in the PAGA action. *See* PAGA Action Not. of Related Cases, ECF No. 4. |
| 6 | On December 10, 2020, this court related the putative class action and the representative class |
| 7 | action under L.R. 123(a). PAGA Action December 10, 2020 Order, ECF No. 6 ("The parties |
| 8 | should be aware that relating cases under Rule 123 causes the actions to be assigned to the same |
| 9 | judge – it does not consolidate the actions."). |
| 10 | On December 16, 2020, plaintiff moved to remand the PAGA case back to state court for |
| 11 | lack of subject matter jurisdiction, or in the alternative for leave to file an amended complaint. |
| 12 | *See generally* PAGA Action Mot. to Remand, ECF No. 9. Plaintiff's arguments can be distilled |
| 13 | into two main theories (1) the defendant's notice of removal is procedurally defective as the |
| 14 | defendant did not attach the CBA (2) the plaintiff's singular PAGA claim is not completely |
| 15 | preempted by the LMRA. The parties fully briefed this remand motion and the court submitted it |
| 16 | without oral argument. PAGA Action Min. Order (January 26, 2021), ECF No. 14. The plaintiff |
| 17 | did not move to remand the class action. |
| 18 | On January 8, 2021, plaintiff filed a cursory opposition in response to defendant's motion |
| 19 | to consolidate, requesting the court resolve its pending motion to remand the PAGA action first. |
| 20 | CAFA Action Consolidation Opp'n at 2, ECF No. 22. This response cited no case law, nor did it |
| 21 | present any meaningful legal theory. |
| 22 | As a threshold matter, before determining whether consolidation is warranted, the court |
| 23 | must consider whether it has jurisdiction over plaintiff's PAGA action such that it could order |
| 24 | consolidation. *See U.S. Bank Nat'l Ass'n v. Mariano*, No. 1205485, 2012 WL 12882054, at *1 |
| 25 | (C.D. Cal. Aug. 16, 2012); *Hall v. Hall,* 138 S. Ct. 1118, 1130–31 (2018). |
| 26 | ///// |
| 27 | ///// |
| 28 | ///// |

4

## II. ANALYSIS

### A. Jurisdiction

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A defendant may remove a matter to federal court if the district court would have original jurisdiction. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The removing defendant bears the burden of overcoming the 'strong presumption against removal jurisdiction.'" *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citing *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010)).

District courts assess removals based on federal question jurisdiction under the well-pleaded complaint rule. *Id.* A well-pleaded complaint must present a federal question on the face of the plaintiff's complaint. *Caterpillar, Inc.*, 482 U.S. at 398–399. Generally, removal is improper when it is grounded in a federal defense. *Id.* at 399. "Notwithstanding this rule, when a federal statute wholly displaces state law and provides the exclusive cause of action for a plaintiff's requested relief, we must 'recharacterize a state law complaint . . . as an action arising under federal law.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014). Federal question jurisdiction thus exists when a federal law "completely preempts" a state cause of action. *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 24 (1983).

#### 1. Section 301 of LMRA

Section 301 of the LMRA is one such "extraordinary pre-emptive power" that "'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization . . . may be brought in any district court of the United States." 29 U.S.C. § 185(a). "Although § 301 contains no express language of preemption, the Supreme Court has long interpreted the LMRA as authorizing federal courts to create a uniform body of federal common law to adjudicate disputes that arise out of

labor contracts." *Curtis,* 913 F.3d at 1151. Thus, a civil complaint asserting claims preempted by section 301 of the LMRA "raises a federal question that can be removed to a federal court." *Id.* at 1152.

Section 301 may not be read so broadly, however, as to "pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Id.* (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). For courts assessing the bounds of Section 301 preemption, the Ninth Circuit prescribes a two-part test. *Id.* at 1152–53. First, courts ask whether a "right exists solely as a result of the CBA." *Id.* at 1152 (quoting *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). If yes, the claim is preempted. *Burnside*, 491 F.3d at 1059. If not, courts must ask "'whether a plaintiff's state law right is substantially dependent on analysis of [the CBA],' which turns on whether the claim cannot be resolved by simply 'look[ing] to' versus 'interpreting' the CBA." *Curtis*, 913 F.3d at 1153 (citations omitted).

Plaintiff argues *Curtis* does not apply here because he asserted a purely PAGA cause of action and did not raise a separate claim for overtime wages. PAGA Action Mot. to Remand Reply at 4, ECF No. 13. The court is not persuaded. While plaintiff artfully styles his complaint as containing only one claim for "violation of PAGA," that claim rests upon multiple discreet claims. The discreet claims include that defendant did not (1) provide all meal period and rest break wages as required, in violation of California Labor Code sections 510, 558, 1194, 1194.2, 1197, 1197.1 and 1198; (2) pay all overtime and minimum wages, in violation of Labor Code sections 226.7 and 512; (3) provide accurate wage statements, as required by Labor Code sections 201 and 204; (4) pay all wages due upon termination, in violation of Labor Code sections 226 and 1174(d); or (5) reimburse all required work related expenses, in violation of Labor Code section 2802. PAGA Compl. ¶¶ 3, 14–30. "PAGA claims are derivative of the predicate California Labor Code violations, and therefore rise and fall with those underlying claims." *Franco v. E-3 Sys.*, No. 19-01453, 2019 U.S. Dist. LEXIS 195396, at *11 (N.D. Cal. Nov. 8, 2019) (citing *Curtis*, 913 F.3d at 1150 n.3).

The court typically applies the *Burnside* preemption analysis to each discreet claim. *See Sykes v. F.D. Thomas, Inc.*, No. 20-03616, 2021 U.S. Dist. LEXIS 19763, at *3 (N.D. Cal. Feb. 2,

2021) ("each of the alleged Labor Code violations must be analyzed individually under the Ninth Circuit's two-step test for complete preemption as set out in *Burnside*"). However, Ninth Circuit precedent guides the court's decision on both the overtime claim (part of claim two) and the meal period claim (part of claim one). Therefore, the court turns to those claims first.

### a. Overtime Claim

In *Curtis*, the Circuit held that overtime claims under California Labor Code section 510 are controlled by the CBA if the CBA satisfies the requirements of Labor Code section 514.[4] The CBA satisfies the requirements of section 514 if it expressly provides for "the wages, hours of work, and working conditions of the employees, and . . . premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." Cal. Lab. Code § 514. Here, the CBA defendant alleges applies to plaintiff meets the requirements of section 514. The CBA provides for the wages, hours of work, and working conditions of employees and the premium wage rates for all overtime hours worked; and the regular hourly rate of pay for covered employees was greater than 30 percent above the state minimum wage. CBA, Art. XVII (discussing "working conditions," work schedules, hours worked, how overtime is approved); PAGA Action Narvaez Decl. ¶ 13 (stating Blackwell's rate of pay at $49.58).[5]

Plaintiff makes a number of arguments about the CBA, but never straightforwardly contests its applicability to him. First, plaintiff argues the defendant did not attach the CBA to

---

[4] Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage. Cal. Lab. Code § 514.

[5] Neither the CBA nor Narvaez's declaration provides the applicable rate for the California minimum wage. However, the court may take judicial notice of this fact as it appears on a government website and it is not reasonably disputed. *See* Fed. R. Evid. 201(b). In January 2018, the minimum wage was either $10.50 or $11.00 an hour depending on the size of the company. In January 2019, the minimum wage was either $11 or $12 per hour depending on the size of the company. Cal. Dep't Industrial Relations, *Minimum Wage* (last visited June 15, 2021), https://www.dir.ca.gov/dlse/faq_minimumwage.htm. Even with a higher rate of pay, Blackwell's $49.58 is significantly more than 30 percent above the minimum wage.

their notice of removal. PAGA Action Mot. to Remand at 3–4. This is true. However, defendant references the CBA by title in the notice of removal, PAGA Action Not. of Removal ¶ 19, and plaintiff concedes he has received a copy of the same CBA through other litigation, PAGA Action Mot. to Remand at 4. While defendant erred by not attaching the CBA, plaintiff was not prejudiced as a result. Second, plaintiff also argues he has not conducted discovery into the "applicability or validity of the CBA." *Id.* at 4. He argues he may be found to represent other aggrieved employees not subject to the CBA, but concedes discovery will likely support the conclusion that the "CBA applied to most aggrieved employees." PAGA Action Mot. to Remand Reply at 6. Taking into account the record fairly before it, the court finds by a preponderance of the evidence and based on a plain reading of the CBA that the CBA governs plaintiff's rights with respect to overtime. *See Diaz v. Sun-Maid Growers of California*, No. 19-00149, 2019 WL 1785660, at *4 (E.D. Cal. Apr. 24, 2019). Plaintiff's overtime claims are preempted and the court has federal jurisdiction. *See, e.g., Franco v. E-3 Sys.*, No. 19-01453, 2019 U.S. Dist. LEXIS 195396, at *7–*10 (N.D. Cal. Nov. 8, 2019) (plaintiff's overtime claims preempted after applying *Curtis* analysis to CBA); *Radcliff v. San Diego Gas & Elec. Co.,* 2021 U.S. Dist. LEXIS 27866, at *11 (S.D. Cal. Feb. 12, 2021) ("[B]ecause the CBA applies to Plaintiff and meets the requirements of section 514, Plaintiff does not have a right to overtime under section 510 . . ."); *Armenta v. Stater Bros. Mkts.*, No. 20-02364, 2021 U.S. Dist. LEXIS 54942, at *4–7 (C.D. Cal. Mar. 23, 2021) (finding same).

### b. Meal Period Claim

The court next considers plaintiff's claims related to required meal periods. A meal period claim is preempted at step one of the *Burnside* analysis if a CBA meets the requirements of California Labor Code section 512(e).[6] *Marquez v. Toll Global Forwarding*, 804 F. App'x 679,

---

[6] Section 512(e) provides as follows:

Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) [employees in a construction occupation and other specified industries] if both of the following conditions are satisfied:
    (1) The employee is covered by a valid collective bargaining agreement.
    (2) The valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those

680 (9th Cir. 2020). "Section 512(e) exempts employees in a construction occupation from the meal period requirements of 512(a) if they are covered by a CBA that meets certain requirements." *Sykes*, 2021 U.S. Dist. LEXIS 19763, at *4. The CBA here meets those requirements as it provides for wages, hours, working conditions and meal periods, as well as for final and binding arbitration of disputes concerning the application of the CBA's meal period provisions. CBA, Art. XVII & Art. XXII sec. 4–6 (discussing arbitration procedures). As a result, plaintiff's meal period claim exists only because of his CBA and is thus preempted.[7]

### c. Supplemental Jurisdiction

As the court finds that federal jurisdiction adheres as to plaintiff's meal period and overtime claims, it need not complete a *Burnside* analysis as to each remaining discreet claim. For efficiency purposes, the court next considers whether supplemental jurisdiction extends to plaintiff's remaining state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) (holding that to exercise supplemental jurisdiction, "[t]he state and federal claims must derive from a common nucleus of operative fact"). In deciding whether to exercise supplemental jurisdiction, courts consider "the values of judicial economy, convenience, fairness, and comity." *Brooks v. FCI Lender Servs.,* Inc, No. 16-02598, 2018 WL 495634, at *2 (E.D. Cal. Jan. 22, 2018) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Plaintiff's remaining claims allege other wage and hour violations, all of which arise out of the same employment relationship that gave rise to plaintiff's meal period and overtime claims. *Van Bebber v. Dignity Health*, No. 19-00264, 2019 U.S. Dist. Lexis 148765, at *27–28 (E.D. Cal. Aug. 30, 2019).

---

employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

[7] This court came to a different conclusion in 2019 in the case of a different plaintiff who filed a wage and hour putative class action and did not mention the CBA in his complaint. *See Davalos v. A. Teichert & Son, Inc.,* No. 18-02694, 2019 WL 93539, at *4 (E.D. Cal. Jan. 3, 2019). After reviewing the district court split on the law at the time, the court determined plaintiff's clams were not preempted under the first prong of the *Burnside* test. *Id.* The Ninth Circuit has now decided the question to the contrary and this court follows that controlling precedent.

### 2. Conclusion

The court has supplemental jurisdiction over all the PAGA action. The court thus turns to the merits of defendant's motion to consolidate the two actions.

### B. Motion to Consolidate

A court may consolidate two actions pending in the same district when they involve "common questions of law or fact." Fed. R. Civ. P. 42(a); *Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989). The decision is one allowing for an exercise of "broad discretion," *Investors Research*, 877 F.2d at 777, and balances "judicial convenience" against any "delay, confusion and prejudice," *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (quoting *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)) (quotation marks omitted). The court may also consider "the risk of inconsistent adjudications of common factual and legal issues." *Ellison Framing Inc. v. Zurich Am. Ins. Co.*, Nos. 11–0122, 13–1761, 2013 WL 6499058, at *8–9 (E.D. Cal. Dec. 11, 2013) (quoting *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)) (quotation marks omitted). The moving party bears the burden to show the propriety of an order in its favor.

Here, both cases involve the same parties: Tim Blackwell, the plaintiff, and the defendants, Climate Pros and Commercial Refrigeration Specialists.[8] The set of claims in one case is a near mirror of the other, with plaintiff positing only one additional theory of recovery in the PAGA action that can be incorporated in an amended complaint. *Compare* CAFA Compl. ¶¶ 3, 13–51 *with* PAGA Compl. ¶¶ 3, 14–30. The CBA and its potential applicability and interpretation are relevant to both actions. Plaintiff's limited opposition does not identify any prejudice that will result from consolidating the actions, and this court believes consolidation will avoid confusion and delay. The court **grants** the motion to consolidate.

---

[8] While there is no way to determine whether the fifty unnamed defendants are the same, in both complaints those defendants are described as "responsible in some way for the matters alleged herein" and as having caused plaintiff to be "subject to the illegal employment practices, wrongs, and injuries complained of herein." *Compare* CAFA Compl. ¶ 11 *with* PAGA Compl. ¶ 12.

C.      Leave to Amend

The court should freely give leave to amend pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has a policy of favoring amendments. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [to grant or deny leave to amend,] 'a court must be guided by the underlying purpose of Rule 15—to facilitate [a] decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) ).

But "the liberality in granting leave to amend is subject to several limitations. Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, US ex rel. v. Gen. Dynamics C4 Sys.*, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (internal quotation marks and citation omitted). "Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.'" *Id.* (citations omitted).

Here justice requires providing plaintiff leave to amend. An amended complaint including all relevant claims and parties can enhance judicial efficiency. *See Gerber Plumbing Fixtures, LLC v. Amerifreight, Inc.*, No. 15-04146, 2015 U.S. Dist. LEXIS 155391, at *8 (C.D. Cal. Nov. 16, 2015). Plaintiff is directed to file an amended consolidated complaint within 14 days of this order. The motion to dismiss in the CAFA action is thus **dismissed as moot**, the motion to remand in the PAGA action is **denied**.

III.    CONCLUSION

The court grants defendant's motion to consolidate filed in the CAFA case, ECF No. 17 in case no. 2:20-cv-1968-KJM-CKD.

The court **dismisses** defendant's motion to dismiss filed in the CAFA case, ECF No. 6 in case no. 2:20-cv-01968-KJM-CKD, **as moot** and **denies** the motion to remand, ECF No. 9 in case no. 2:20-cv-02281-KJM-CKD.

Case no. 2:20-cv-01968-KJM-CKD is hereby consolidated with case no. 2:20-cv-02281-KJM-CKD for all purposes, including trial. The consolidated case shall be identified by case

no. 2:20-cv-01968-KJM-CKD going forward.  The Clerk of Court is directed to administratively close case no. 2:20-cv-02281-KJM-CKD.

The plaintiff is directed to file an amended consolidated complaint within 14 days of this order.

IT IS SO ORDERED.

DATED: June 25, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE