KENNETH H. YOON (State Bar No. 198443)
kyoon@yoonlaw.com
STEPHANIE E. YASUDA (State Bar No. 265480)
syasuda@yoonlaw.com
**YOON LAW, APC**
One Wilshire Blvd., Suite 2200
Los Angeles, California 90017
Telephone: (213) 612-0988
Facsimile: (213) 947-1211

Attorneys for Plaintiff Tim Blackwell

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM BLACKWELL, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>COMMERCIAL REFRIGERATION SPECIALISTS, INC., a California corporation, and<br>CLIMATE PROS LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 2:20−CV−01968−KJM−CKD<br><br>[Hon. Kimberly J. Mueller, Courtroom 3]<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED CLASS ACTION AND REPRESENTATIVE ACTION COMPLAINT FOR DAMAGES FOR:**<br><br>**(1) VIOLATION OF LABOR CODE SECTIONS 226.7;**<br><br>**(2) VIOLATION OF LABOR CODE SECTIONS 1194 AND 510;**<br><br>**(3) VIOLATION OF LABOR CODE SECTION 226;**<br><br>**(4) VIOLATION OF LABOR CODE SECTIONS 201-204;**<br><br>**(5) VIOLATION OF LABOR CODE SECTION 2698** *et seq.***; and**<br><br>**(6) BUSINESS AND PROFESSIONS CODE SECTION 17200** *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tim Blackwell ("Plaintiff") hereby submits his First Amended Class Action and Representative Action Complaint for Damages against Defendants Commercial Refrigeration Specialists, Inc., and Climate Pros LLC ("Defendants"), on behalf of himself and the Class of other similarly situated current and former employees of Defendants for rest break wages, minimum wages, and penalties as follows:

## INTRODUCTION

**1.** This class action is brought pursuant to Labor Code §§ 203, 226, 226.7, 510, 1194, Industrial Welfare Commission ("IWC") Wage Order 4-2001 (codified as California Code of Regulations Title 8 § 11040), and Business and Professions Code § 17200 *et seq.* (Unfair Competition Law ("UCL")). Plaintiff also pursues this action in a representative capacity pursuant to California Labor Code section 2698 *et seq.* (the Private Attorneys General Act of 2004 ("PAGA")).

**2.** This Complaint challenges Defendants' systemic illegal employment practices resulting in violations of the stated provisions of the Labor Code and Business and Professions Code against the identified class of employees.

**3.** Plaintiff is informed and believes and thereon alleges Defendants joint and severally acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in (1) failing to provide rest breaks, (2) failing to pay all minimum wages, (3) failing to provide accurate wage statements, and (4) failing to pay all wages due and owing upon termination of employment.

## JURISDICTION AND VENUE

**4.** This class action is brought pursuant to Federal Rule of Civil Procedure 23. The damages sought by Plaintiff individually are less than $75,000.00.

**5.** Defendants removed this action to the District Court on the grounds

the Court possesses jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453.

**6.**   This Court has jurisdiction over the violations of Labor Code §§ 203, 226, 226.7, 510, 1194, PAGA, and the UCL.

**7.**   This Court has jurisdiction over Defendants because, upon information and belief, each party has sufficient minimum contacts in California, or otherwise intentionally avails itself of California law so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

**8.**   Venue is proper in this Court because, upon information and belief, the named Defendants transact business and/or has offices in this county, and the acts and omissions alleged herein took place in this county.

## PARTIES

**9.**   Plaintiff Tim Blackwell is an individual residing in the State of California. Plaintiff was employed by Defendants within the statutory time period.

**10.**   Plaintiff is informed and believes and thereon alleges that Defendant Commercial Refrigeration Specialists, Inc. is a corporation and Climate Pros LLC is a limited liability company, each licensed to do business and actually doing business in the State of California, including the County of Sacramento.

**11.**   At all times herein mentioned, defendants, and each of them, were agents, partners, joint venturers, representatives, servants, employees, successors-in-interest, co-conspirators and assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, representatives, servants, employees, successors, co-conspirators and assigns, and that all acts or omissions alleged herein were duly committed with ratification, knowledge, permission, encouragement, authorization and consent of each defendant designated herein.

**12.** As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to Labor Code §§ 203, 226, 226.7, 510, 1194, PAGA, IWC Wage Order 4-2001, and the UCL.

## CLASS ACTION ALLEGATIONS

**13.** **Definition:** Plaintiff seeks class certification pursuant to Federal Rule of Civil Procedure 23 of a class of all non-exempt employees of Defendants who worked in California during the period from April 6, 2016, to the present, including the following Subclasses[1]:

> **(a)** **Rest Break Subclass:** all Defendants' non-exempt employees who worked three and one-half (3.5) hours or more in a day in California during the period from April 6, 2016, to the present;
>
> **As an alternative to Subclass (a):** all Defendants' non-exempt employees who worked three and one-half (3.5) hours or more in a day in California without receiving a paid 10-minute break during which they were relieved of all duties, during the period from April 6, 2016, to the present;
>
> **As a second alternative to Subclass (a):** all Defendants' non-exempt employees who worked six (6) hours or more in a day in California without receiving all paid 10-minute breaks during which they were relieved of all duties, during the period from April 6, 2016, to the present;
>
> **As a third alternative to Subclass (a):** all Defendants' non-exempt employees who worked ten (10) hours or more in a day in

---

[1] Pursuant to Emergency Rule 9 of the Judicial Council of California's emergency rules related to the COVID-19 pandemic, "[n]otwithstanding any other law, the statutes of limitations and repose for civil causes of action that exceed 180 days are tolled from April 6, 2020, until October 1, 2020." Accordingly, per the emergency tolling rule, this complaint, for purposes of calculating the statute of limitations, is deemed filed on April 6, 2020.

California without receiving all paid 10-minute breaks during which they were relieved of all duties, during the period from April 6, 2016, to the present;

**As a fourth alternative to Subclass (a):** all Defendants' non-exempt employees who worked in California as service technicians, service journeymen, service apprentices, and any person performing similar work regardless of job title, who worked three and one-half (3.5) hours or more in a day in California during the period from April 6, 2016, to the present;

**(b)** **Minimum Wage Subclass:** all Defendants' non-exempt employees who worked in California and were not properly paid all minimum wages during the period from April 6, 2016, to the present;

**As an alternative to Subclass (b):** all Defendants' non-exempt employees who worked in California as service technicians, service journeymen, service apprentices, and any person performing similar work regardless of job title, and were not properly paid all minimum wages during the period from April 6, 2016, to the present;

**(c)** **Wage Statement Subclass**: all Defendants' non-exempt employees who worked in California and received an itemized wage statement during the period from April 6, 2017, to the present;

**As an alternative to Subclass (c):** all Defendants' non-exempt employees who worked in California as service technicians, service journeymen, service apprentices, and any person performing similar work regardless of job title, and who

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

received an itemized wage statement during the period from April 6, 2017, to the present;

**(d)** **Terminated Employee Subclass:** all Defendants' non-exempt employees who worked in California and who were not properly paid all wages on termination or within 72 hours thereof during the period from April 6, 2017, to the present;

**As an alternative to Subclass (d):** all Defendants' non-exempt employees who worked in California as service technicians, service journeymen, service apprentices, and any person performing similar work regardless of job title, and who were not properly paid all wages on termination or within 72 hours thereof during the period from April 6, 2017, to the present;

**(e)** **On-Call Service Employee Subclass**: all Defendants' non-exempt employees who worked in California as service technicians, service journeymen, service apprentices, and any person performing similar work regardless of job title, at any time during the period from April 6, 2016 to the present, and who also fielded customer after hours on-call requests to determine immediate need for service.

**14.** **Numerosity:** The members of the Class are so numerous that joinder of all members would be impractical, if not impossible. The identities of the members of the Class are readily ascertainable by review of Defendants' records, including payroll records.

**15.** **Adequacy of Representation**: Plaintiff is fully prepared to take all necessary steps to represent fairly and adequately the interests of the Class defined above. Plaintiff's attorneys are ready, willing and able to fully and adequately represent the Class and Plaintiff. Plaintiff's attorneys have prosecuted and settled wage-and-hour class actions in the past and currently have a number

of wage-and-hour class actions pending in California courts.

16. Defendants administered a corporate policy, practice and/or procedure of (1) failing to pay all rest break wages, (2) failing to pay all minimum wages, (3) failing to provide accurate wage statements, (4) failing to timely pay all wages due and owing upon termination of employment, and (5) engaging in unfair business practices. Plaintiff alleges this corporate conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed members of the Class.

17. **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the Class concerning whether Defendants' policies and practices regularly denied Class Members rest break wages, minimum wages, accurate wage statements, and wages due and owing upon termination of employment.

18. **Typicality:** The claims of Plaintiff are typical of the claims of all members of the Class. Plaintiff is a member of the Class and has suffered the alleged violations of Labor Code §§ 201-204, 226, 226.7, 510, 1194, IWC Wage Order No. 4-2001, and the UCL. Plaintiff worked at least one shift of 3.5 hours or greater during which he was not authorized and permitted all duty-free, legally mandated rest breaks. Plaintiff performed work for which he was not paid. Plaintiff received wage statements during his employment. Plaintiff's employment terminated during the statutory period.

19. The Labor Code upon which Plaintiff bases his claims is broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

20. The nature of this action and the format of laws available to Plaintiff and members of the Class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each Class Member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

21. The prosecution of separate actions by the individual Class Members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual Class Members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other Class Members not parties to the adjudications or which would substantially impair or impede the ability of the Class Members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

22. Such a pattern, practice and administration of corporate policy regarding illegal employee compensation described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class identified herein, in a civil action, for the unpaid balance of the full amount of rest break premiums, minimum wages, and penalties, including interest thereon, attorneys' fees and costs of suit, as well as consequential damages.

23. Proof of a common business practice or factual pattern, which Plaintiff experienced and is representative of, will establish the right of each Class Member to recovery on the causes of action alleged herein.

24. The Class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. This action is brought for the benefit of the entirety of all Class and will result in the creation of a common fund.

25. Plaintiff seeks to recover all applicable and available PAGA remedies pursuant to Labor Code § 2699, as well as attorneys' fees, costs, and/or other damages as permitted by PAGA through a representative action pursuant to the PAGA and the California Supreme Court in *Arias v. Superior Court* (2009) 46 Cal. 4th 969. Therefore, Plaintiff is not required to, nor does he, seek class certification of the PAGA claims under Federal Rule of Civil Procedure 23.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF LABOR CODE SECTION 226.7
## REGARDING REST BREAK WAGES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND ALL SUBCLASSES)

26. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 24 as though fully set forth herein.

27. In accordance with the mandates of the California Labor Code and the applicable IWC Wage Order, Plaintiff and the Class and Subclasses (a), (b), (c), and (d) had the right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof.

28. As a pattern and practice, Defendants regularly did not provide employees with their rest breaks and did not provide proper compensation for this failure. Specifically, Plaintiff asserts that Defendants did not schedule rest breaks for Plaintiff or Class Members, did not inform Plaintiff or Class Members they

were entitled to take rest breaks, and did not affirmatively relieve Plaintiff or Class Members of duty to permit them a reasonable opportunity to take rest breaks.

**29.** Defendants' policy of failing to provide Plaintiff and the Class and Subclasses (a), (b), (c), and (d) with legally mandated rest breaks is a violation of California law.

**30.** Defendants willfully failed to pay employees whom they did provide the opportunity to take rest breaks the premium compensation set out in Labor Code § 226.7 and the applicable IWC Wage Order, and Plaintiff and the Class and Subclasses (a), (b), (c), and (d) are owed wages for rest break premiums as set forth above.

**31.** Such a pattern, practice and administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class and Subclasses (a), (b), (c), and (d) identified herein, in a civil action, for the balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and the applicable IWC Wage Order, including interest thereon.

**32.** Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), and (d) the wages due and owing them upon separation from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF LABOR CODE SECTIONS 510 AND 1194
## REGARDING MINIMUM WAGES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF
## THE CLASS AND ALL SUBCLASSES)

**33.** Plaintiff re-alleges and incorporates by reference paragraphs 1

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

through 31 as though fully set forth herein.

34. At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked.

35. As a pattern and practice, Defendants regularly failed to compensate its employees for all hours worked, resulting in a failure to pay all minimum wages. As examples, Plaintiff asserts that Defendants deducted time from Plaintiff's and Class Member's recorded hours worked or inserted unpaid time into Plaintiff's and Class Member's recorded hours worked or marked Plaintiff's and Class Member's recorded hours worked with a flag or notation so that not to be paid by the time and/or payroll electronic system. Plaintiff further asserts that Defendants failed to pay Plaintiff and Class Members for all hours worked traveling to the first service call or from the last service call of the day. Plaintiff also asserts Defendants failed to compensate Plaintiff and the Class for all time worked outside of the expected route for the day, such as time spent purchasing supplies. Plaintiff also asserts that time spent actively working while on call (such as communicating with customers) was not considered compensable working time.

36. This resulted in Plaintiff and the Class and Subclasses (a), (b), (c), and (d) receiving total wages in an amount less than minimum wage.

37. Such a pattern, practice and administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff and the Class and Subclasses (a), (b), (c), and (d) in a civil action, for the unpaid balance of the full amount of minimum wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code §§ 510 and 1194.

38. Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), and (d) the wages due and owing them upon separation

from employment results in continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF LABOR CODE SECTION 226
## REGARDING RECORD KEEPING
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND SUBCLASSES (b), (c), (d), and (e))

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as though fully set forth herein.

40. In violation of Labor Code § 226, Defendants failed in their affirmative obligation to keep *accurate* records for their California employees. For example, as a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records of Plaintiff and the Class and Subclasses (b), (c), (d) and (e)'s gross wages earned, total hours worked, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate. Plaintiff received at least one such wage statement during his employment with Defendants.

41. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the Class and Subclasses (b), (c), (d), and (e) identified herein, in a civil action, for all damages and/or penalties pursuant to Labor Code § 226, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit according to the mandate of California Labor Code § 226.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF LABOR CODE SECTION 203
## REGARDING WAITING TIME PENALTIES
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND ALL SUBCLASSES)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 40 as though fully set for herein.

43. At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

44. As a result of Defendants' alleged Labor Code violations alleged above, Defendants regularly failed to pay Plaintiff and the Class and Subclasses (a), (b), (c), and (d) their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

45. The conduct of Defendants and their agents and employees as described herein was willfully done in violation of Plaintiff and the Class and Subclasses (a), (b), (c), and (d)'s rights, and done by managerial employees of Defendants.

46. Defendants' willful failure to provide Plaintiff and the Class and Subclasses (a), (b), (c), and (d) the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

## FIFTH CLAIM FOR RELIEF
## FOR VIOLATION OF PAGA
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF ALL AGGRIEVED EMPLOYEES)

13

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 14 as though fully set forth herein.

48. PAGA expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the LWDA, or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

49. Plaintiff seeks to recover all applicable and available PAGA remedies pursuant to Labor Code § 2699, as well as attorneys' fees, costs, and/or other damages as permitted by PAGA through a representative action pursuant to the PAGA and the California Supreme Court in *Arias v. Superior Court*, 46 Cal. 4th 969 (2009). Therefore, Plaintiff is not required to, nor does he, seek class certification of the PAGA claims under Code of Civil Procedure § 382.

50. On July 21, 2020, Plaintiff provided written notice to the LWDA and Defendants of the specific provisions of the Labor Code he contends were violated, and the theories supporting his contentions. To date, he has not received a response.

51. Plaintiff and the other non-exempt employees are "aggrieved employees" as defined by California Labor Code § 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

**Failure to Pay Minimum Wages**

52. At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked, pursuant to the mandate of Labor Code §§ 558, 1194, 1194.2, 1197, 1197.1, and 1198.

53.  As a pattern and practice, Defendants failed to compensate Plaintiff and other aggrieved employees for all hours of work performed. Specifically, Defendant failed to compensate Plaintiff and other aggrieved employees for off-the-clock hours worked, including all time spent talking to clients on the telephone prior to any physical service repairs, and for all commuting time in excess of a regular commute. Additionally, Defendant did not provide aggrieved employees with the minimum wages to which they were entitled despite constructive and actual knowledge of work during supposed meal and rest breaks. Thus, Defendant failed to provide aggrieved employees with wages for all hours worked despite constructive and actual knowledge of the hours of work being performed.

54.  This resulted in a failure to compensate Plaintiff and other aggrieved employees minimum wages at the applicable rate for all hours worked.

### Failure to Provide Rest Breaks

55.  In accordance with the mandates of the California Labor Code and the applicable IWC Wage Order, Plaintiff and other aggrieved employees had the right to take a 10-minute rest break for every four (4) hours worked or major fraction thereof.

56.  As a pattern and practice, Defendant failed to provide aggrieved employees the opportunity to take the requisite number of lawful rest breaks and routinely required Plaintiff and other aggrieved employees to work through and/or delay their rest breaks to complete their daily workload in an efficient and timely manner, and comply with Defendants' expectations. Despite these facts, Defendants did not compensate premium wages to Plaintiff and other aggrieved employees as required.

**Failure to Timely Pay Wages During and Upon Termination of Employment**

57.  At all times relevant herein, Defendants were required to pay their

employees in a timely fashion pursuant to the mandate of Labor Code §§ 201 to 204.

58. As a result of Defendants' Labor Code violations alleged above, Defendants failed to pay Plaintiff and the other aggrieved employees all wages due them within the time periods specified by Labor Code §§ 201-204 during and upon termination of employment.

### Failure to Provide Complete and Accurate Wage Statements

59. At all times relevant herein, Defendants were required to keep *accurate* records regarding their California employees pursuant to the mandate of Labor Code §§ 226 and 1174(d).

60. As a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records regarding Plaintiff and other similarly-situated current and former employees. For example, Defendants failed in their affirmative obligation to keep accurate records regarding Plaintiff and other similarly-situated current and former employees' gross wages earned, total hours worked, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

### Failure to Reimburse Necessary Work-Related Expenses

61. At all times relevant herein, Defendants were required to indemnify their employees for all necessary expenditures or losses incurred in direct consequence of the discharge of the employees' duties, or of the employees' obedience to the directions of the employer pursuant to California Labor Code § 2802.

62. As a pattern and practice, Defendants failed to reimburse Plaintiff and other aggrieved employees for all necessary work-related expenses, including, but not limited to, expenses associated with the use of personal mobile phones for work-related purposes.

## Damages

63. Pursuant to Labor Code § 2699, Plaintiff, individually and on behalf of other current and former aggrieved employees, requests and is entitled to recover from Defendants, and each of them, civil penalties, interest, attorneys' fees and costs pursuant, as well as all statutory penalties against Defendants, and each of them, including but not limited to:

64. Penalties under Labor Code § 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

65. Penalties under Labor Code § 210 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, plus 25% of the amount unlawfully withheld;

66. Penalties under Labor Code § 256 in the amount of 30 days pay per aggrieved former employee;

67. Penalties under Labor Code § 226.3 in the amount of two hundred fifty dollars ($250) per employee per initial violation and one thousand dollars ($1,000) per employee for each subsequent violation;

68. Penalties under Labor Code § 558 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

69. Penalties under Labor Code § 1197.1 in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred fifty dollars ($250) for each aggrieved employee per

pay period for each subsequent violation;

70. Any and all additional penalties and sums as provided by the Labor Code and/or other statutes; and

71. Attorneys' fees and costs pursuant to Labor Code §§ 210, 1194, 2699, and any other applicable statute

## SIXTH CLAIM FOR RELIEF
## FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 *et seq*.
## (AGAINST ALL DEFENDANTS BY PLAINTIFF ON BEHALF OF THE CLASS AND ALL SUBCLASSES)

72. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 as though fully set for herein.

73. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, inclusive, to wit, by knowingly denying employees: (1) rest break premiums, (2) all minimum wages, (3) accurate wage statements, and (4) all wages due and owing upon termination of employment.

74. Defendants' utilization of such business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

75. The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

76. Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 *et seq*., including those set forth above, thereby depriving Plaintiff and the Class and Subclasses the minimum working condition standards and conditions due to them under the California laws and IWC Wage Orders as specifically described

therein.

77.  Plaintiff seeks, on his own behalf, and on behalf of other members of the Class and Subclasses who are similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for himself and all others on whose behalf this suit is brought against Defendants, jointly and severally, as follows:

1. For an order certifying the proposed Class;
2. For an order appointing Plaintiff as the representative of the Class as described herein;
3. For an order appointing counsel for Plaintiff as counsel for the Class;
4. Upon the First Claim for Relief, for all rest break wages owed, and for costs;
5. Upon the Second Claim for Relief, for all minimum wages owed, and for costs and attorney's fees;
6. Upon the Third Claim for Relief, for damages or penalties pursuant to statute as set forth in California Labor Code § 226, and for costs and attorneys' fees;
7. Upon the Fourth Claim for Relief, for all minimum wages owed, and for waiting time wages according to proof pursuant to California Labor Code §203 and for costs and attorneys' fees;
8. Upon the Fifth Claim for Relief, for civil penalties pursuant to statute as set forth in Labor Code § 2698 *et seq.*, for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3,

226.7, 256, 558, 1194, 1197.1, 1198, and 2802;

9. Upon the Sixth Claim for Relief, for restitution to Plaintiff and other similarly affected members of the general public of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq.*;

10. On all causes of action for attorneys' fees, interest, and costs as provided by California Labor Code §§ 218.6, 226, 1194, PAGA, and Code of Civil Procedure § 1021.5, and for such other and further relief the Court may deem just and proper.

Dated: July 9, 2021              YOON LAW, APC

                                  */s/ Stephanie E. Yasuda*
                                 Stephanie E. Yasuda
                                 Attorneys for Plaintiff Tim Blackwell

## DEMAND FOR JURY TRIAL

Plaintiff, for himself and the Class and Subclasses, hereby demands a jury trial as provided by California law.

Dated: July 9, 2021              YOON LAW, APC

                                  */s/ Stephanie E. Yasuda*
                                 Stephanie E. Yasuda
                                 Attorneys for Plaintiff Tim Blackwell