UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM BLACKWELL, | No. 2:20–cv–1968–KJM–CKD |
| Plaintiff, | ORDER |
| v. | (ECF No. 35) |
| CLIMATE PROS, LLC, et al., | |
| Defendants. | |

  Presently before the court is plaintiff Tim Blackwell's motion to compel from defendant Climate Pros, LLC, further responses to certain requests for production of documents ("RFPs"). (ECF No. 35.) The parties filed a joint statement regarding the discovery disagreement, along with supporting declarations and exhibits. (ECF Nos. 35, 36.) The court heard remote arguments on the motion on October 20, 2021. (ECF No. 38.) For the following reasons, the court DENIES plaintiff's motion.

  The present dispute comes in an odd posture where the parties believe they have reached agreement on the scope of the production sought in the RFPs at issue, but they cannot agree on the language to be included in the responses to confirm defendant's degree of compliance with each RFP. In preparing for the hearing on the motion, the court reviewed all of the disputed RFPs and identified substantive issues and logical gaps in many of them. In discussing some of the RFPs with the parties, it became clear, however, that the only relief plaintiff was seeking in this

motion was for the court to require defendants to further amend all of their RFP responses to additionally state, "We will comply with the request," or something to that effect.

The problem for plaintiff is that the Federal Rules of Civil Procedure do not require such a statement where an objection has been asserted. Under Rule 34(b), an RFP response "must either [*(i)*] state that inspection and related activities will be permitted as requested or [*(ii)*] state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B) (also permitting production of copies of documents instead of inspection). In the latter scenario, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection," and "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). "An objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" Fed. R. Civ. P. 34 (2015 Adv. Comm. Notes).

In this case, plaintiff propounded very broad discovery requests, which the parties then agreed to narrow in various ways—not all of which are discernable to the court. Defendant then responded to the requests as originally written, asserting numerous objections and variously stating that—subject to those objections—(A) it would produce certain documents and that it was or was not withholding documents based on its objections; (B) it would produce certain documents but had not searched for all potentially responsive documents so could not state whether any were being withheld; (C) documents had already been produced and none were being withheld; (D) within the agreed-upon search parameters, it was not withholding documents; or (E) it "has not identified" or "is currently not aware of" any documents it is withholding based on its objections. Some of the responses explicitly reference and describe the parties' agreement to narrow the scope of the request, while others simply state what set of documents has or will be produced without indicating if the limitations were mutually agreed to.

Thus, these responses present a hybrid of the two scenarios contemplated by Rule 34(b)(2)(B). Because of the parties' narrowing agreements—which the court of course applauds—defendant seems to be attempting to both (i) state its objections to the initial broad request, and (ii) state that all documents responsive to the request <u>as narrowed</u> will be or have

been produced. The problem is that most of defendants' responses do not expressly identify the parameters of the agreed-upon narrowing, and often use indecisive language. This could leave plaintiff wondering whether there currently remain any additional documents responsive to the requests as narrowed—or if the only other documents, if any, are from the broader original scope. The primary purpose of Rule 34(b)(2)'s requirements is to eliminate this guesswork—requiring responding parties to "clearly state that responsive documents do not exist, have already been produced, or exist but are being withheld" based on an objection. Haeger v. Goodyear Tire & Rubber Co., 906 F. Supp. 2d 938, 977 (D. Ariz. 2012) (quotation omitted).

It would be one thing if plaintiff were seeking to compel amended responses that clarify defendant's confusing responses. Certain parts of the Joint Statement suggested that this was the underlying impetus for bringing the motion to compel, but the main thrust of plaintiff's position in the Joint Statement and position at the hearing was that he simply wants defendant to amend its responses to add something like, "Subject to the agreed-upon parameters, Climate Pros will produce all responsive documents in its possession, custody, or control." (See ECF No. 36.2 at 40.) Each time the court tried to discuss the substance of one of the disputed RFPs with the parties at the hearing, plaintiff's counsel expressed no objection to the wording of defendant's responses except that they lacked a statement like, "We will comply," or "We will produce." The court does not see how these requested statements would further the goals of discovery, nor is that precise language required by the federal rules.

Plaintiff's counsel did indicate that the desire to obtain such statements stems—at least with respect to some of the requests—from a suspicion that additional responsive documents exist and that defendant is in fact withholding responsive documents, despite its statements to the contrary. When this came up in discussing RFP #5, however, defense counsel advised that the parties had never met and conferred regarding defendant's failure (as yet) to produce any timesheet "edit data" as requested. Rather than seeking to compel defendant to recite certain words, it seems that plaintiff's counsel should be focused on actually obtaining the discovery being sought, through continued meet and confer efforts—and with judicial assistance if necessary. The instant motion, however, does not seek to clarify whether responsive documents

exist, have already been produced, or exist but are being withheld based on an objection.  (See ECF No. 36 (Joint Statement) at 14 ("[I]t is Plaintiff's understanding that Defendant has produced all relevant documents – but that is based on verbal communication – Plaintiff wants that understanding in formal responses he may then rely upon.").)

From what the court can see—without knowing the extent of the parties' narrowing agreements—defendant's responses leave much to be desired in the way of clarity.  Should plaintiff wish to clarify the state of production (i.e., whether responsive documents exist, have already been produced, or exist but are being withheld based on an objection), the court stands ready to assist plaintiff in that regard, if defendant is unwilling to clarify its responses.  The court is unwilling, however, to direct defendant to supplement its responses with the technical language plaintiff proposes.

Accordingly, it is HEREBY ORDERED that plaintiff's motion to compel (ECF No. 35) is DENIED without prejudice.

Dated:  October 22, 2021

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.blac.1968